## LIABILITY FOR DAMAGES RESULTING FROM A SEQUENCE OF EVENTS.

Common Pleas Court of Hamilton County.

JOHN M. BAGLEY v. THE CINCINNATI, GEORGETOWN & PORTSMOUTH RAILWAY COMPANY.

Decided, November, 1912.

*Negligence—Pleading Where Damages Resulted from a Sequence of Events—Liability Where a Cow at Large Threw an Interurban Car from the Track.*

In an action for damages on account of loss through the negligence of the defendant, demurrer does not lie to an answer and cross-petition which denies negligence on the part of the defendant, and alleges that the loss resulted from a sequence of events put in motion by the plaintiff and the consequences of which might reasonably have been anticipated.

*William C. Lambert,* for the demurrer.
*Dinsmore & Shohl,* contra.

DICKSON, J.

Heard on demurrer to defendant's cross-petition.

Plaintiff sues to recover damages—$75—because his cow was killed in collision by one of defendant's cars, by its negligence.

Defendant denies negligence and thus liability, and pleads in the alternative by conditionally setting up contributory negligence, and thus, too, denies liability.

Defendant by cross-petition sues to recover damages from the plaintiff in the sum of $7,640, because this cow which collided with and caused a derailment of the car, caused damages to the car and rails in the sum of $870, and caused by the collision, etc., injury to certain passengers in the car, for which the defendant has been compelled to pay in certain settlements the sum of $6,770.

Defendant says the proximate and sole cause of the collision and the results therefrom was plaintiff's carelessness, because a short time before the collision he had separated this cow from her young calf and left them separated by the defendant's right-of-way, which included a certain fence, well knowing that the cow would get to the calf and across its track and right-of-way in spite of any ordinary fence, which ordinary fence it, the company, had maintained. Defendant says that the plaintiff thus carelessly created a sequence of events reasonably likely to follow and reasonably to be contemplated as natural and probable from such carelessness.

The cross-petition is good against a demurrer and the same will be overruled.